**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SELECT PORTFOLIO SERVICING, INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 5:22-cv-00561** |
| **v.** | § | |
| | § | |
| **TERESA R. WINCKLER, ABIGAIL WINCKLER** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Select Portfolio Servicing, Inc. ("SPS" or "Plaintiff") and files this its *Original Complaint* against Defendants Teresa R. Winckler and Abigail Winckler ("Defendants"), and would respectfully show the Court as follows:

**I.  PARTIES, JURISDICTION AND VENUE**

1.     SPS is a corporation organized and existing under the laws of the state of Utah with its principal place of business in the state of Utah. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of Utah for diversity purposes.

2.     Decedent John Ross Winckler ("Decedent") was an obligor under the Loan Agreement. Decedent died on March 29, 2020. Upon information and belief, no probate was opened for his estate in the county where the subject property is located or the county where he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3.      Defendant Teresa R. Winckler is a co-mortgagor under the subject loan agreement and the wife of Decedent, at the time of his death. She may be served with process at her residence, 25122 Flaming Arrow, San Antonio, Texas 78258, or at such other place as she may be found. Summons is requested.

4.      Defendant Abigail Winckler is an heir and the adoptive daughter of Decedent and Defendant Teresa W. Winckler. She may be served with process at her residence, 25122 Flaming Arrow, San Antonio, Texas, 78258, or at such other place as she may be found. Summons is requested.

5.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Bexar County Central Appraisal District Website, the Property involved in this matter is valued at $255,550.00, according to the 2021 appraisal. Therefore, the amount in controversy is in excess of $75,000.00.

6.      Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

7.      On or about August 30, 2004, Decedent executed that certain *Adjustable-Rate Note* (the "Note") in the original principal amount of $118,400.00, originally payable to ABN AMRO Mortgage Group, Inc. ("ABN") and bearing interest at the rate of 2.750% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

8.      Concurrently with the Note, the Decedent Defendant Teresa R. Winckler ("Borrowers"), as husband and wife, executed that certain *Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting ABN a security interest in certain real property and improvements located in Bexar County, Texas commonly known as 25122 Flaming Arrow, San Antonio, Texas 78258, and more particularly described as:

> LOT 17, BLOCK 1, NEW CITY BLOCK 19222, ARROWHEAD TOWN HOUSE SUBDIVISION, UNIT 1, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9511, PAGE(S) 117, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Bexar County, Texas, under Document No. 20040214168. A true and correct copy of the Security Instrument is attached hereto at **Exhibit B.**

9.      The Loan Agreement was transferred from ABN to Citimortgage, Inc., as evidenced by that certain *Assignment of Deed of Trust* ("First Assignment") recorded in the Real

Property Records of Bexar County, Texas under Document No. 20050123151. A true and correct copy of the First Assignment is attached hereto as **Exhibit C.**

10.     The Loan Agreement was subsequently transferred from Citimortgage, Inc., successor by merger to ABN, to Nationstar Mortgage LLC, as evidenced by that certain *Corporate Assignment Deed of Trust* ("Second Assignment") recorded in the Real Property Records of Bexar County, Texas under Instrument No. 20170001807. A true and correct copy of the Second Assignment is attached hereto as **Exhibit D.**

11.     The Loan Agreement was subsequently transferred from Nationstar Mortgage LLC to Plaintiff as evidenced by certain *Corporate Assignment of Deed of Trust* ("Third Assignment") is attached hereto as **Exhibit E.**

12.     Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

13.     Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

14.     The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

15.     On March 29, 2020, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

16.     Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Security Instrument.

17.     The Loan Agreement is in default as of April 1, 2020. A *Demand Letter - Notice of Default* ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on October 11, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit F.**

18.     The default was not cured. A *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was served in accordance to the Loan Agreement and the Texas Property Code on February 11, 2022. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit G.**

19.     In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.  Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III.     CAUSE OF ACTION – STATUTORY PROBATE LIEN

20.     The foregoing paragraphs are incorporated by reference for all purposes.

21.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

     a.  Tex. Estates Code §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

> *". . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*

     b.  Texas Title Examination Standards § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

     c.  Texas Title Examination Standards § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

22.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heir's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

26.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrowers' and heirs' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

## V. CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

27.     The foregoing paragraphs are incorporated by reference for all purposes.

28.     Plaintiff asserts a cause of action for foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendants have failed to make the payments for the Property required under the Note.

29.     The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing non-judicial foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

30.     Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as

provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

31.     All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

32.     Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## VII. WRIT OF POSSESSION

33.     If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a.     a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c.     a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d.      a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e.      attorneys' fees and costs of suit, not as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument; and

f.      all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:  /s/ Mark D. Cronenwett
     **MARK D. CRONENWETT**
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **VIVIAN N. LOPEZ**
     Texas Bar No. 21429029
     vlopez@mwzmlaw.com

     **MACKIE WOLF ZIENTZ & MANN, P.C.**
     14160 N. Dallas Parkway, Suite 900
     Dallas, Texas 75254
     214-635-2650 (Phone)
     214-635-2686 (Fax)

     **ATTORNEYS FOR PLAINTIFF**